UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. LUTGE,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD B. MOORE, in his capacity as Executive Officer of the California Board of Professional Engineers, Land Surveyors, and Geologists,<br><br>Defendant. | No. 2:17-CV-02290-KJM-EFB<br><br>ORDER |

Plaintiff Thomas Lutge, a civil engineer living in Marin County, California, contends that a state licensing board violated his constitutional right to practice his chosen profession. Defendant Richard Moore, the Executive Officer of the California Board of Professional Engineers, Land Surveyors, and Geologists ("Board"), moves to dismiss under Rule 12(b)(6), arguing Lutge has already raised, litigated and lost this argument in state court. Mot, ECF No. 5; Def.'s Mem., ECF No. 5-1. Lutge opposes. Opp'n, ECF No. 9. The court heard the motion on January 26, 2018. H'rg Mins., ECF No. 12. As explained below, the court GRANTS defendant's motion and DISMISSES the complaint, with prejudice.

////

////

# I. JUDICIAL NOTICE

In adjudicating Rule 12(b)(6) motions to dismiss, the court generally restricts its analysis to the face of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court may, however, judicially notice facts beyond the complaint if they are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes matters of public record such as "documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation omitted).

Here, the court GRANTS defendant's unopposed request to judicially notice the following publicly available court documents filed in connection with a 2012 California state court case, *Lutge v. Cal. Bd. For Prof. Eng. and Land Surveyers, Dept. Of Consumer Affairs*:

1. Sacramento County Superior Court's October 23, 2012 order sustaining defendant's demurrer, Case No. 34-2012-80001329. Attached as Ex. A, Young Decl., ECF No. 5-2 ("Superior Court Order").
2. Lutge's Opening Appellate Brief, Case No. C075779, California Third District Court of Appeal. Attached as Ex. C, Young Decl. ("Appellate Br.").
3. Third District Court of Appeal June 9, 2017 decision affirming the Superior Court's judgment, Case No. C075779. Attached as Ex. D, Young Decl. ("State Appellate Decision").

*See* Def.'s Req. for Judicial Notice, ECF No. 5-2.

# II. BACKGROUND

Lutge's complaint stems from administrative discipline the Board imposed upon him in 2011, for actions he took in 2005 and 2006. Compl., ECF No. 1, ¶¶ 3, 6; *see also* Superior Court Order at 2. An administrative law judge affirmed the Board's findings and recommended the Board revoke Lutge's professional license; the Board adopted the recommendation on March 8, 2012. Superior Court Order at 2.

Believing the Board's procedures and decision to be fraught with errors, Lutge filed a Petition with the Superior Court of Sacramento for a writ of administrative review

("Petition"). Compl. ¶¶ 6-7; *see also* Petition, Ex. A to the Compl., ECF No. 1 at 15-41. The Board argued to the state court that Lutge's Petition was time-barred, citing Government Code section 11523's 30-day filing limitation.[1] *See* Compl. ¶ 6; *see also* Superior Court Order at 1. The 30-day clock begins to run on the last date upon which the administrative agency could have reconsidered its decision, which here was on March 14, 2012. Superior Court Order at 2 (noting date Lutge received the Board's order). At hearing, Lutge's counsel conceded the state court opinion properly characterizes the applicable statute of limitations.

Because Lutge timely requested copies of the Board's hearing records, the limitations period was tolled until he received them on August 20, 2012. Compl. ¶ 6; Cal. Gov't Code § 11523 ("If the petitioner [timely] requests the agency to prepare all or any part of the record, the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her."). Thirty days from that date was September 19, 2012, yet Lutge did not file his Petition until December 6, 2012. Superior Court Order at 2. Lutge admitted his Petition was late, but argued the initial 30-day statutory timeframe is unconstitutionally short. *Id.* at 3. The court denied his Petition as untimely and rejected his constitutional argument. *Id.* at 5-6 (noting "Lutge had an additional five months to file his petition" and he could have further "tolled the statute of limitations by simply filing a petition without reference to the underlying record"; therefore concluding Lutge's argument, which "essentially" states the initial 30-day limitation is unconstitutional because "the time required to assemble the petition . . . is a herculean task that takes far more than 30 days . . . does not persuade.").

Lutge appealed. Compl. ¶ 11. He again conceded the Petition had been late and again challenged the initial 30-day requirement as unconstitutionally short. *See* Appellate Decision at 1-3. Specifically, he argued this initial limitations period, which prevented his Petition from being heard on the merits, violated his due process right to exercise his chosen

---

[1] Section 11523 provides, in relevant part, "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, the petition shall be filed within 30 days after the last day on which reconsideration can be ordered." Cal. Gov't Code § 11523.

3

profession. *Id.* The state appellate court affirmed the superior court's decision, explaining "the determination of what is a reasonable time period is a legislative function that will not be overruled by a court unless there is a showing of palpable error" and concluding that "Lutge has not shown such error in this case." Appellate Decision at 4 (internal citation omitted). Although Lutge attempted to appeal the decision to the California Supreme Court, as Lutge's counsel conceded at hearing before this court, that appeal was filed late and the state Court rejected it as untimely. At hearing, both parties agreed the state case is finally resolved as a result.

On October 31, 2017, Lutge filed this federal case, again arguing the 30-day statute of limitations, which he says prevented his Petition from being heard on the merits, violates his federal due process right to practice his chosen occupation. *See* Compl. ¶¶ 11, 13. As in his prior filings before other tribunals, he focuses only on the initial 30 day period, without addressing the additional time he received based on tolling. Defendant moves to dismiss Luge's claim based on *res judicata*, the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine. Def.'s Mem. at 3-5. At hearing, counsel for both parties agreed *res judicata* is the most applicable of the three doctrines: The court need not abstain now that the state case has ended, and the court need not apply the *Rooker-Feldman* doctrine as a threshold matter because Lutge is not challenging what the state court decided but rather what the state court did not decide. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the "*Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments"; noting "*Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."). As explained below, the court grants defendant's motion based on *res judicata*.

III. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) may be based on a lack of a cognizable legal theory, an absence of sufficient facts

4

alleged under a cognizable legal theory, or, as relevant here, a legal obstacle that bars the plaintiff's claims. *See Jones v. Block*, 549 U.S. 199, 215 (2007).

Although "detailed factual allegations" are not required at the pleading stage, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the complaint must contain more than conclusory or formulaic recitations of elements, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter" to make the alleged claim at least plausible. *Ashcroft*, 556 U.S. at 678; *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (explaining plausibility requires that the complaint depict a cognizable legal theory and sufficient factual allegations to support that theory) (citation omitted). Aside from external facts properly subject to judicial notice, the court restricts its analysis to the face of the complaint, construing the complaint in Lutge's favor and accepting well-pled factual allegations as true. *Erickson*, 551 U.S. at 93-94.

IV. <u>ANALYSIS</u>

Lutge alleges the 30-day limitation period provided by California Government Code section 11523, which rendered his state-court Petition untimely, violates his federal due process right to exercise his chosen profession. Compl. ¶ 6. As reviewed above, Lutge already litigated and lost this argument in state court. *See* Superior Court Order at 5-6; Appellate Decision at 3-5. The doctrine of *res judicata* provides that a "valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975) (citations omitted). For *res judicata* to conclusively bar Lutge from re-litigating his due process claim here, defendant must show (1) Lutge either raised or should have raised this cause of action in the state case, (2) the state case constitutes a final judgment on the merits, and (3) and there is an identity of parties between this case and the state case. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

Here, each *res judicata* element is satisfied. Regarding the third element, while Lutge sued the Board itself in state court, here he sues Mr. Moore in his official capacity as the Board's Executive Officer. Nonetheless, because "[a] suit . . . against a governmental officer in

5

his official capacity is equivalent to a suit against the governmental entity itself[,]" *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001) (citation omitted), the defendant is identical in each suit. At hearing, Lutge's counsel conceded the second and third *res judicata* elements, arguing exclusively that the instant case presents a new cause of action based on a distinct injury. *See also* Opp'n at 15-16 (focusing only on the "same claim" element).

Lutge misconstrues the identity of claims requirement. When assessing if a claim is the same as that raised in a prior suit, California applies the "primary right" doctrine, under which the invasion of one primary right gives rise to only one claim. *Slater*, 15 Cal. 3d at 795 (citations omitted); *see also Crowley v. Kattleman*, 8 Cal. 4th 666, 681 (1994) (explaining when claim derives from same alleged injury and underlying facts, California's "primary right" doctrine determines if controversy is essentially same as one in earlier suit). This doctrine provides that a claim is based on the harm suffered, not the theory asserted, and so a single injury can give rise to only one claim for relief. *Slater*, 15 Cal.3d at 795. A judgment for the defendant thus bars future actions by the same plaintiff based on the same injury and associated right. *Id*.

Here, Lutge's due process claim derives from the same primary right as the one he litigated and lost in state court. The primary right at issue in both cases is Lutge's substantive due process right to exercise his chosen profession, which he contends was violated when the state court denied his Petition as untimely under the 30-day limitations period rather than on the merits. *Compare* Compl. ¶¶ 11, 13, *with* State Appellate Decision at 2. He thus alleges only one right and only one violation of that right. When asked if either the 30-day statute of limitations or the state Superior Court's enforcement of it deprived Lutge of his due process right to exercise his chosen profession, the Superior Court said no; the appellate court affirmed on appeal. Appellate Decision at 3-4. Lutge now asks this court to entertain precisely the same question. Compl. ¶¶ 11, 13.

The court rejects Lutge's argument that *res judicata* should not apply because the state appellate court decided only a state constitutional question, not the federal constitutional question Lutge raises here. Opp'n at 16 (arguing the state court decided only the state constitutional question based on a "rule of deference to the legislature absent 'palpable error'").

Lutge has highlighted no meaningful difference between the two constitutional protections and he treated the two as one in his state appellate brief. *See* Appellate Br. at 22 ("Lutge asserts his rights protected by the Due Process clause of the Federal and state constitutions[.]"). Nothing in the state appellate court's decision signals an analysis limited to California's due process protections. To the contrary, the state court's broad language determined that Lutge had presented no viable constitutional argument regarding the applicable statute of limitations. Specifically, the court explained "a statute must be upheld unless its constitutionality is 'clearly, positively, and unmistakably' established[,]" Appellate Decision at 3 (quoting *Lockheed Aircraft Corp. v. Superior Court*, 28 Cal. 2d. 481, 484 (1946)), and then declared "no such circumstances are present in this case," *id*. at 4. Lutge treated his federal and state due process arguments as one and the state appellate court's opinion is fairly read as rejecting them as one. The cases relied on by the state court bolster this point. Specifically, that court cited *Rand v. Bossen*, 27 Cal. 2d 61, 66 (1945), for the rule that courts must defer to the legislature on whether a statute of limitations is an appropriate length. Appellate Decision at 4 (citing *Rand*). *Rand*, in turn, fashioned this legislative deference rule by analyzing three federal constitutional cases. *See Rand*, 27 Cal. 2d at 66 (citing *Wilson v. Iseminger*, 185 U.S. 55 (1902), *Mills v. Scott*, 99 U.S. 25 (1878), *Terry v. Anderson*, 95 U.S. 628 (1877)). Thus, the state court decision here necessarily incorporated both state and federal constitutional principles in reaching its conclusion. *See Crape v. Schwartz*, No. CIVS041004-GEB-GGH-P, 2006 WL 2169213, at *3-4 (E.D. Cal. Aug. 1, 2006) (although state court opinion cited primarily state cases in reaching its decision, "it implicitly and necessarily incorporated a far-ranging federal constitutional analysis" by relying on two state cases that had, in turn, extensively analyzed federal law), *report and recommendation adopted*, No. 2:04-CV-1004-GEB-GGH-P, 2006 WL 2849881 (E.D. Cal. Oct. 3, 2006).

The identity of claims element is satisfied here. Because all three *res judicata* elements have been established, Lutge's case should be dismissed.

/////

/////

/////

V. <u>CONCLUSION</u>

*Res judicata* conclusively bars Lutge's sole cause of action. Because no amendment could overcome this bar, the court declines to grant Lutge leave to amend. *See* Fed. R. Civ. P. 15(a) (leave should "be freely given when justice so requires"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasizing futility may warrant denying a request for leave to amend). The court therefore DISMISSES Lutge's complaint, with prejudice.

IT IS SO ORDERED.

This resolves ECF No. 5.

DATED: February 8, 2018.

_____
UNITED STATES DISTRICT JUDGE